**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEREMY NEWTON,**

**Plaintiff,**

**Case No. 6:26-cv-2511**

**v.**

**CITY OF SEMINOLE, FLORIDA,**

**Defendant.**
______________________________/

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiff Jeremy Newton ("Newton" or "Plaintiff"), by and through undersigned counsel, brings this Complaint and Demand for Jury Trial against City of Seminole, Florida ("the City" or "Defendant"), and alleges as follows:

**<u>THE PARTIES</u>**

1. Plaintiff Jeremy Newton is an individual over the age of 18 and is sui juris.

2. Newton resides in Clearwater, Pinellas County, Florida.

3. Defendant City of Seminole, Florida is a municipal corporation organized under the laws of the State of Florida, with offices located at 9199 113th Street North, Seminole, Florida 33772.

**<u>JURISDICTION</u>**

4. This is an action under federal and Florida state law; specifically, Title

VII of the Civil Rights Act of 1964 ("Title VII")[1] and the Florida Civil Rights Act of 1992 ("the FCRA").[2]

5. This Court has federal question jurisdiction over the Title VII claim pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over the Florida state law claims, as the claims arise out of the same nexus of operative facts as the federal claims. 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Seminole County, which is located within the Middle District of Florida.

8. Thus, the Orlando Division is the proper division. M.D. Fla. Loc. R. 1.04(a).

## CONDITIONS PRECEDENT

9. Newton timely filed a charge of retaliation against the City with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Florida Commission on Human Relations and designated Charge No. 511-2026-01708.

10. On or about July 28, 2026, the EEOC issued Newton a Determination

[1] 42 U.S.C. § 2000e *et seq.*
[2] Fla. Stat. § 760.01 *et seq.*

and Notice of Rights, including a Notice of Right to Sue, a true and correct copy of which is attached hereto as Exhibit 2.[3]

11. This Complaint is filed within ninety (90) days of Newton's receipt of that notice.

12. Thus, Newton satisfied all conditions precedent and exhausted all administrative remedies required to maintain this action under Title VII and the FCRA.

## FACTS

13. Newton began working for the City of Seminole Fire Rescue Department in approximately 2007 and served the City for more than eighteen years, rising to the rank of District Chief of Training.

14. The City operates the City of Seminole Fire Rescue Department, which employed Newton.

15. Throughout his employment, Newton was a dedicated and highly regarded member of the Department. He consistently received well-above-average performance evaluations, and he had no record of discipline at any time before the events described below.

16. On August 5, 2025, Newton met with Fire Chief William Schobel and reported that Lieutenant Lindsay Rodriguez was being subjected to ongoing harassment and discrimination based on her sex and sexual orientation.

---

[3] Exhibit 1 is the Civil Cover Sheet, as required by the applicable Local Rules.

17. Newton explained that this conduct had created a hostile work environment and that the complaints being lodged against Lieutenant Rodriguez were retaliatory and unfounded.

18. When Newton opposed the harassment and discrimination directed at Lieutenant Rodriguez, he held a good-faith, objectively reasonable belief that the conduct he reported constituted an unlawful employment practice prohibited by Title VII and the FCRA.

19. The next day, on August 6, 2025, Chief Schobel asked Newton to submit a written report detailing the discrimination he had witnessed. On August 7, 2025, Newton submitted a detailed, two-and-one-half page written report of the discrimination.

20. Shortly after Newton reported the harassment and discrimination directed at Lieutenant Rodriguez, the City placed him on administrative leave.

21. On September 3, 2025, the City informed Newton that it had initiated an investigation against him on August 7, 2025 — the same day he submitted his written report of discrimination, and only two days after he first raised the issue with Chief Schobel. In nearly two decades of service, Newton had never before been investigated or disciplined.

22. The investigation alleged various forms of purported misconduct, each of which was minor, inconsistently enforced, exaggerated, or unfounded, and none of which had prompted any action by the City before Newton engaged in protected

activity.

23. Following the investigation, the City afforded Newton a pre-determination hearing, after which Chief Schobel recommended Newton's termination to City Manager Ann Toney-Deal.

24. Faced with the City's determination to end his career of nearly two decades over pretextual allegations, Newton's separation from employment on or about September 9, 2025 was not a voluntary resignation but was coerced and the functional equivalent of a discharge.

25. The City's stated reasons for ending Newton's employment were pretextual.

26. The timing of the investigation and separation, Newton's spotless eighteen-year employment record, the absence of any progressive discipline, and the City's markedly more lenient treatment of other employees who engaged in comparable conduct all demonstrate that the City's true reason was Newton's protected opposition to unlawful discrimination.

**COUNT I**
**Retaliation in Violation of Title VII of the Civil Rights Act of 1964**
**(42 U.S.C. § 2000e-3(a))**

27. Newton repeats and realleges paragraphs 1 through 26 hereof, as if fully set forth herein.

28. At all relevant times, Newton was an "employee" of the City within the meaning of Title VII.

29. At all relevant times, the City was an "employer" within the meaning of Title VII, and employed more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

30. As described above, Newton objected to and refused to participate in the discrimination and harassment he witnessed.

31. Therefore, Newton engaged in protected conduct within the meaning of Title VII.

32. Newton was investigated, put on leave, and compelled to resign under circumstances no reasonable employee would find tolerable.

33. In short, Newton was constructively discharged.

34. The protected conduct and constructive discharge are causally connected both by timing (close temporal proximity) and the series of events between the time of the protected conduct and the constructive discharge.

35. As a direct and proximate result of the City's unlawful retaliation, Newton has suffered and continues to suffer damages, including past and future lost wages and benefits, emotional distress, and other harm, together with the costs of bringing this action, including reasonable attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Award Plaintiff his past and future loss of wages and benefits, plus prejudgment and post-judgment interest;

B. Order the City to reinstate Plaintiff to a position comparable to his former position or, in lieu of reinstatement, award him front pay (including benefits);

C. Award Plaintiff compensatory damages for emotional distress and other harm;

D. Enter a declaratory judgment that the City's conduct violated the Title VII, and enjoin the City from engaging in further retaliation;

E. Award Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

**COUNT II**
**Retaliation in Violation of the Florida Civil Right Act of 1992**
**(Fla. Stat. § 760.01 *et seq*.)**

36. Newton repeats and realleges paragraphs 1 through 26 hereof, as if fully set forth herein.

37. At all relevant times, Newton was an "employee" of the City within the meaning of the FCRA.

38. At all relevant times, the City was an "employer" within the meaning of the FCRA, and employed more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

39. As described above, Newton objected to and refused to participate in the discrimination and harassment he witnessed.

40. Therefore, Newton engaged in protected conduct within the meaning of the FCRA.

41. Newton was investigated, put on leave, and compelled to resign under circumstances no reasonable employee would find tolerable.

42. In short, Newton was constructively discharged.

43. The protected conduct and constructive discharge are causally connected both by timing (close temporal proximity) and the series of events between the time of the protected conduct and the constructive discharge.

44. As a direct and proximate result of the City's unlawful retaliation, Newton has suffered and continues to suffer damages, including past and future lost wages and benefits, emotional distress, and other harm, together with the costs of bringing this action, including reasonable attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Award Plaintiff his past and future loss of wages and benefits, plus prejudgment and post-judgment interest;

B. Order the City to reinstate Plaintiff to a position comparable to his former position or, in lieu of reinstatement, award him front pay (including benefits);

C. Award Plaintiff compensatory damages for emotional distress and other harm;

D. Enter a declaratory judgment that the City's conduct violated the FCRA, and enjoin the City from engaging in further retaliation;

E. Award Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 26th day of October, 2026.

*/s/ Shaina Thorpe*
**SHAINA THORPE**
Florida Bar No. 0055464
Primary: shaina@thorpelaw.net
Secondary: admin@thorpelaw.net

**THORPELAW, P.A.**
100 S. Ashley Drive, Ste. 600
Tampa, Florida 33602
Telephone: (813) 400-0229
Fax: (813) 944-5223

*Lead Counsel for Plaintiff Jeremy Newton*